## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| HANNIBAL EASON,<br><br>*Plaintiff,*<br><br>*v.*<br><br>LATOYA HUGHES, ET AL.,<br><br>*Defendants.* | No. 3:23-cv-50462<br><br>HONORABLE IAIN D. JOHNSTON |

## MEMORANDUM OPINION AND ORDER

Plaintiff Hannibal Eason brings this action under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Illinois' Civil Rights Remedies Restoration Act, and the Eighth Amendment to the Constitution through 42 U.S.C. § 1983 against Illinois Department of Corrections ("IDOC") employees Latoya Hughes, Michael Hershey, Nicole Perez, and Andrea Tack ("IDOC Defendants") in their official capacities, as well as Dr. Larry Sy (together with the IDOC Defendants, "Defendants") in his individual capacity. Before the Court is Defendants' motion to sever and IDOC Defendants' motion for judgment on the pleadings. For the reasons that follow, both motions are denied. However, the Court strikes Ms. Tack, Ms. Perez, and Mr. Hershey from Counts I and II; Ms. Perez, Ms. Hughes, and Mr. Hershey from Count III; and Ms. Perez and Mr. Hershey from Count IV.

## I.   BACKGROUND

The Court needn't provide a detailed factual recitation. A short summary of the action, accepting Mr. Eason's recitation as true, will suffice for purposes of deciding these two motions.

Mr. Eason is incarcerated at Dixon Correctional Center under the custody of IDOC. He alleges that he is deaf in both ears and has a degenerative spine disease that required surgery and continues to significantly impair his mobility.

Mr. Eason alleges that he has been deprived of the communication technology he needed to participate in educational and vocational programs, religious events, and medical appointments despite IDOC promising to provide this equipment.

Moreover, as it relates to his degenerative spine disease, Mr. Eason alleges that Dr. Sy was deliberately indifferent to his medical needs and IDOC Defendants refused to provide him with access to a wheelchair.

## II.   MOTION TO SEVER

Defendants move to sever Mr. Eason's claims. As they see it, his five claims should be split three ways: one action for claims related to his hearing disability; one action relation related to his degenerative spine disease; and one action related to Dr. Sy's medical treatment.

The first problem with this motion is that Defendants have created claims that don't exist. Mr. Eason has brought single claims under the ADA, the Rehabilitation Act, and the Restoration Act. These claims will require Mr. Eason to prove that he has a disability. 42 U.S.C. § 12132; 29 U.S.C. § 794; 775 ILCS 60/15.

2

He doesn't bring separate claims based on different disabilities. He's certainly not limited to a single theory of disability or liability on the pleadings. There's effectively nothing to sever at this time.

As to the claims Mr. Eason actually brings, Rule 21 gives a court broad discretion to sever "any claims that are discrete and separate in the interest of judicial economy and to avoid prejudice." *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015); Fed. R. Civ. P. 21. Courts generally consider "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Allstate Ins. Co. v. Electrolux Home Prods.*, No. 16 C 9639, 2017 U.S. Dist. LEXIS 77041, at *5-6 (N.D. Ill. Mar. 31, 2017) (quoting *Cantu v. Ken Nelson Auto Mall, Inc.*, No. 09 C 50256, 2010 U.S. Dist. LEXIS 104035, at *3 (N.D. Ill. Sept. 29, 2010)). In today's appearance, Mr. Eason bats five for five.

First, Mr. Eason's claims are all plainly part of the same transaction or occurrence. His claims arise from the actions of the same defendants at approximately the same time within the same prison. As alleged, Mr. Eason's hearing loss contributed to the deliberate indifference to his back injury and his inability to access a wheelchair. Fourth Am. Compl., Dkt. No. 65 at ¶ 80 ("Dixon nurses have repeatedly told Mr. Eason that Dr. Sy is refusing to see him because

Mr. Eason needs an interpreter at medical appointments.").[1] Both the hearing loss and the alleged difficulty Mr. Eason faces in moving around Dixon plausibly make it harder for him to access religious services. These kinds of causal effects plainly make the claims part of the same transaction or occurrence. *See Dorsey v. Varga*, 55 F.4th 1094, 1104 (7th Cir. 2022) (holding in Rule 20 context that claims against a doctor could be joined with claims against a nurse when the nurse's comments may have influenced the doctor's treatment decision).

Second, there are common questions. As it relates to Dr. Sy, Mr. Eason will need to "show that '(1) he had an objectively serious medical need (2) to which the defendants were deliberately indifferent.'" *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022) (quoting *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021)). Proving that Mr. Eason had an objectively serious medical condition will necessarily involve the question of Mr. Eason's deafness and spine disease. Those alleged afflictions are also at issue in Mr. Eason's other claims.[2]

Defendants don't address the remaining factors, but it's clear that they all point in Mr. Eason's favor. Global settlement of Mr. Eason's claims against IDOC is more likely if his claims are kept within one action. The connections between the claims reduce the risk of prejudice and make it more likely that discovery on each claim will overlap.

---

[1] The complaint also alleges that an Dr. Sy is responsible for prescribing a wheelchair. Fourth Am. Compl., Dkt. No. 65 at ¶ 72.

[2] Because there are common questions and the claims against each of the Defendants arises out of the same transaction or occurrence, there can be no doubt that Dr. Sy is properly joined in this action under Rule 20(a)(2).

Mr. Eason is single individual with multiple alleged disabilities and multiple claims. Mr. Eason decided to bring his claims in a single action. Given the close connection between his claims, the Rules of Civil Procedure allow Mr. Eason to make that choice. At present, the Court has no reason to disturb it.

## III.   MOTION FOR JUDGMENT ON THE PLEADINGS

### a.  Legal Standard

A Rule 12(c) motion for judgment on the pleadings challenging the sufficiency of the complaint "performs the same function as a Rule 12(b)(6) motion to dismiss—and the complaint must meet the Rule 12(b)(6) standard for the suit to survive." *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025). The Court accepts the well-pled factual allegations as true and draws all reasonable inference in the plaintiff's favor. *Id.* at 520. With the facts of the complaint viewed in this light, the complaint must "'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### b.  Analysis

IDOC Defendants' motion for judgment on the pleadings seeks to simplify the action by limiting the number of named defendants.[3] This motion effectively only changes the caption of the case. The Court will deny the motion. Under Rule 12(f), however, the Court will strike certain defendants.

---

[3] The motion seeks to dismiss Andrea Tack, Nicole Perez, and Michael Hershey from the ADA and Rehabilitation Act claims, Nicole Perez, Michael Hershey, and Latoya Hughes from the RLUIPA claim, and Nicole Perez and Micheal Hershey from the Civil Rights Remedies Restoration Act claim because they aren't proper defendants.

A suit against a state officer in his or her official capacity is treated as a suit against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Each of the IDOC Defendants are named in their official capacities, so IDOC is the real party in interest. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 n.2 (7th Cir. 2012). Mr. Eason has effectively sued IDOC four times by naming Ms. Hughes, Mr. Hershey, Ms. Perez, and Ms. Tack in their official capacities in each of the first four counts. This is redundant. And courts have dismissed extraneous defendants in these circumstances. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *Bradley v. Hain*, No. 23 C 5020, 2024 U.S. Dist. LEXIS 206244, at *9 n.5 (N.D. Ill. Nov. 8, 2024) ("The Court also finds that, to the extent Bradley brings claims against the Correctional Officers in their official capacities, those claims are duplicative of the official capacity claim against the Sheriff. The Court thus dismisses Bradley's official capacity claims against the Correctional Officers."); *see also Taylor v. Ill. Dep't of Corr.*, No. 1:21-cv-4116, 2025 U.S. Dist. LEXIS 24370, at *10-11 (N.D. Ill. Feb. 11, 2025) (collecting cases). Although the plaintiffs in *Stanek* sued the district itself and Mr. Eason only sued state officers, the practical consequences are the same. IDOC has been sued, no doubt about it. It doesn't need to be sued three more times for the same conduct.

The Court turns to the nature of Mr. Eason's claims to bolster this conclusion. His ADA Title II and Rehabilitation Act claims are subject to the same standard.

6

*Jaros*, 684 F.3d at 671. His Restoration Act claim turns on the ADA and Rehabilitation Act violations. 775 ILCS 60/15. As a result, Mr. Eason needs to show that he was discriminated against on account of a disability by a public entity to succeed on these three claims. 42 U.S.C. § 12132. Similarly, Mr. Eason's RLUIPA claim requires him to show that a government entity imposed a burden on his religious exercise. 42 U.S.C. § 2000cc-1. All of this is to say, again, that Mr. Eason's claims are against IDOC, not any one individual. This makes his claims against numerous individuals in their official capacities redundant.

As the director of IDOC, Ms. Hughes is the best defendant for the ADA, Rehabilitation Act, and Restoration Act claims. *Jaros*, 684 F.3d at 671 n.2. As the warden of Dixon, Ms. Tack is the best defendant for the RLUIPA claim. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

One last issue remains. A Rule 12(c) motion for judgment on the pleadings challenges the sufficiency of a complaint. *Wolf*, 132 F.4th at 518-19. Rule 12(f) allows a court to strike redundant material on its own. Fed. R. Civ. P. 12(f). IDOC Defendants haven't identified a "single defendant" rule that requires a plaintiff to name only one defendant per claim. The IDOC Defendants are each connected to the litigation, so Mr. Eason's claims aren't necessarily legally insufficient. Still, for the reasons stated above, the defendants are plainly redundant.[4] So, the Court will use its authority under Rule 12(f) rather than Rule 12(c) to remove them. Mr. Eason

---

[4] Of course, to the extent that Mr. Eason still believes these redundant defendants possess discoverable material, he may still depose them during discovery, so long as he follows the case management order.

7

had sufficient notice given that the reasons for striking the redundant defendants are consistent with the arguments in IDOC Defendants' motion. Ms. Tack, Ms. Perez, and Mr. Hershey will be struck from counts I and II. Ms. Perez, Ms. Hughes, and Mr. Hershey will be struck from count III. Ms. Perez and Mr. Hershey will be struck from count IV. This will terminate Mr. Hershey and Ms. Perez from this action.

## IV.     CONCLUSION

Rule 1 probably isn't covered in many civil procedure classes. Still, Rule 1 is right at the front of any Rules of Civil Procedure booklet. That prime real estate is a good sign that the rule is important. Despite its choice positioning, many attorneys seem to flip past Rule 1 on their way to Rule 12.[5] Ignoring the tenets of Rule 1 is always a mistake.

One of the points of this rule is that not everything that's possible under the Federal Rules of Civil Procedure is a good idea. *See Hernandez v. Williams*, No. 23-cv-50267, 2025 U.S. Dist. LEXIS 44789, at *5 n.1 (N.D. Ill. Mar. 12, 2025) ("Just because a party **can** do something, doesn't mean the party **should** do something."). Good judgment is required to sort good ideas, strategies, and arguments from those that aren't going to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court reminds all to be mindful of this going forward.

---

[5] The Court also believes that parties are generally far too eager to file summary judgment and *Daubert* motions.

8

Counsel are busy. And the Court is busy. None need make-work. A short phone conversation between counsel could have likely resolved this dispute. Here's how the Court envisions that call:

Defendants' counsel: Hey, I see you've named four defendants in their official capacity for the ADA, Rehab and RLUIPA claims. As you know, an official capacity claim is just a way of naming the state agency. How about you file an amended complaint simply naming IDOC for these folks?

Plaintiff's counsel: Sounds good. Our claims will remain but there will be just one defendant. We'll file a motion for leave to file an amended complaint and attach the proposed pleading with this change. We'll mark the motion as "agreed." You good with that?

Defendant's counsel: Sure. No problem.

Plaintiff's counsel: Thanks for the call.

The Court will terminate Mr. Hershey and Ms. Perez from this action. The action will otherwise proceed the same as it was before Defendants brought these motions.


Entered: July 13, 2026     By: _____

             Iain D. Johnston
             U.S. District Judge